JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICK J. REITEN, | ) | Case No. CV 20-2330 FMO (AGRx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER REMANDING ACTION TO STATE COURT** |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

Pursuant to the court's duty to <u>sua sponte</u> establish subject matter jurisdiction over this action, see <u>United Investors Life Ins. Co. v. Waddell & Reed, Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004), the court concludes as follows.

## BACKGROUND

Plaintiff Patrick J. Reiten MD FACS, ("plaintiff"), is "a California company organized and existing pursuant to the laws of the State of California" that "renders medically necessary care to patients." (Dkt. 1-2, Complaint at ¶ 1). Defendant is CIGNA Health & Life Insurance Company, ("defendant" or "CIGNA"). (See id. at ¶ 2). On July 17, 2018, plaintiff admitted Patient T.M., an individual enrollee in a CIGNA health plan, and provided "medically necessary emergency care." (See id. at ¶¶ 7 & 9-10). Because plaintiff and CIGNA "did not have a contract applicable to [CIGNA's] members," (id. at ¶ 11), plaintiff billed CIGNA $5,252.00 for Patient T.M.'s care, "[t]he

usual and customary . . . charges[.]" (Id.). CIGNA paid plaintiff $762.62 for the medical services plaintiff rendered to Patient T.M., but has refused to pay plaintiff the remainder of the $5,252.00 billed. (Id. at ¶¶ 13 & 14). Plaintiff claims to have "exhausted all available administrative remedies to appeal CIGNA's refusal to pay the Amount Due for the medically necessary emergency care rendered to Patient T.M." (Id. at ¶ 15).

Plaintiff had a similar experience when billing CIGNA for treatment of Patients E.J.H. and V.A., both of whom were individual enrollees in CIGNA health plans. (See Dkt. 1-2, Complaint at ¶¶ 16-33). Plaintiff provided emergency care to Patient E.J.H. on November 18, 2018, for which it billed CIGNA the "usual and customary total billed charge[]" of $24,163.00. (See id. at ¶¶ 19 & 20). CIGNA reimbursed plaintiff only $151.65 for services rendered to Patient E.J.H. (Id. at ¶ 22). Plaintiff provided emergency care to Patient V.A. on June 18, 2019, for which it billed CIGNA $23,813.00. (See id. at ¶¶ 28 & 30). CIGNA did not provide plaintiff any reimbursement for services he provided to Patient V.A. (See id. at ¶ 31). Plaintiff allegedly exhausted all administrative remedies to appeal CIGNA's refusal to pay for services rendered to Patients E.J.H. and V.A. (See id. at ¶¶ 24 & 33).

On January 29, 2020, plaintiff filed suit against CIGNA in Los Angeles Superior Court, asserting a claim for quantum meruit.[1] (See Dkt. 1-2, Complaint at ¶¶ 1 & 2, 35-37; Dkt. 1, Notice of Removal ("NOR") at ¶ 1). Specifically, plaintiff claims that CIGNA owes it money for services rendered to CIGNA health plan enrollees "pursuant to the implied promise to pay reasonable value for such work, labor and services." (See id. at ¶¶ 35-37). On March 11, 2020, CIGNA removed this case to federal court. (See Dkt. 1, NOR). CIGNA's Notice of Removal alleged that this court has subject matter jurisdiction "pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under the civil enforcement provision of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a), and its express preemption clause, 29 U.S.C. § 1144(a)." (See id. at ¶ 5).

---

[1] A claim for quantum meruit seeks "reimbursement for the reasonable value of services rendered[.]" Bell v. Blue Cross of Cal., 131 Cal.App.4th 211, 214 (2005).

## LEGAL STANDARD

Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court. See 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"). "The burden of establishing federal jurisdiction is upon the party seeking removal[.]" Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988); see Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). As such, any doubts are resolved in favor of remand. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In general, under the "well-pleaded complaint" rule, courts look to the complaint to determine whether an action falls within the bounds of federal question jurisdiction. See Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009).

## DISCUSSION

If a complaint contains only state law causes of action, which is the case here, there is generally no federal question jurisdiction even where there is a federal defense to the state law cause of action. See Aetna Health Inc. v. Davila, 542 U.S. 200, 207, 124 S.Ct. 2488, 2494 (2004). However, there is an exception to the well-pleaded complaint rule for state law causes of action that are "completely preempted" by ERISA. See Davila, 542 U.S. at 207-08, 124 S.Ct. at 2494-95; see also Marin Gen. Hosp., 581 F.3d at 944. "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 1546 (1987). The Supreme Court has found that the civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a), displace certain state law claims. See Davila, 542 U.S. at 211-12, 124 S.Ct. at 2497. The Supreme Court has created a two-part test to determine whether state law claims are completely

preempted by ERISA. See id. at 210, 124 S.Ct. at 2496. "[A] state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" Marin Gen. Hosp., 581 F.3d at 946 (quoting Davila, 542 U.S. at 210, 124 S.Ct. at 2496) ("Davila test"). The defendant must show both prongs to invoke federal jurisdiction. See id. at 947.

I.  WHETHER PLAINTIFF COULD HAVE BROUGHT THE CLAIM UNDER ERISA § 502(a)(1)(B).

"As to the first prong of Davila, generally only a beneficiary or participant in an ERISA plan can bring a civil action to enforce certain rights under the plan." Orthopedic Specialists of S. Cal. v. ILWU-PMA Welfare Plan, 2013 WL 4441948, *4 (C.D. Cal. 2013) (citing 29 U.S.C. § 1132(a)). But the Ninth Circuit has held that a health care provider, such as plaintiff, can assert a claim under ERISA § 502(a), 29 U.S.C. § 1132(a), when a beneficiary has assigned to a provider the beneficiary's right to benefits under an ERISA plan. See, e.g., Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc., 187 F.3d 1045, 1051 (9th Cir. 1999) ("[B]ecause a health care provider-assignee stands in the shoes of the beneficiary, such a provider has standing to sue under § 502(a)(1)(B)[.]"). Without such an assignment, a healthcare provider is not the "type of party" that may bring suit under ERISA § 502(a)(1)(B). See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S., 497 F.3d 972, 978 (9th Cir. 2007) (noting that "ERISA does not preempt claims by a third party who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages") (internal quotation marks omitted).

Plaintiff is neither a participant, beneficiary, nor other principle entity of an ERISA plan.[2] Therefore, under the plain language of ERISA, plaintiff does not have independent standing to

---

[2] "'[P]articipant' means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). Beneficiary is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." Id. § 1002(8).

seek recovery under ERISA § 502(a)(1)(B). See 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]"). Plaintiff nowhere alleges that the patients to whom it has rendered emergency medical services assigned their benefits to it under their CIGNA plans.[3] (See, generally, Dkt. 1-2, Complaint).

In its Notice of Removal, CIGNA speculates that plaintiff seeks to recover "purportedly as the assignee[] of the beneficiaries of [patients'] plans[.]" (Dkt. 1, NOR at ¶ 5). CIGNA assumes that plaintiff is an assignee of patients' CIGNA plans because "plaintiff expressly admits in the Complaint that there is no applicable contract between plaintiff and defendant for payment of these claims for medical services provided." (Id.). As the party seeking to invoke federal jurisdiction, CIGNA bears the burden of proving that plaintiff's claim is completely preempted. Port Med. Wellness Inc. v. Conn. Gen. Life Ins. Co., 2013 WL 5315701, *4 (C.D. Cal. 2013). "Accordingly, [CIGNA also] bear[s] the burden of establishing a valid assignment." Id. CIGNA has provided no evidence that patients assigned their benefits to plaintiff; moreover, the mere fact that no written contract exists between plaintiff and CIGNA does not require the conclusion that patients assigned their ERISA benefits to plaintiff.

Additionally, although neither party alleges a written contract between plaintiff and CIGNA, there may be an implied-in-fact contract between the parties. Indeed, California courts have held that medical providers and insurers are directly linked by an implied contract. See Bell v. Blue Cross of Cal., 131 Cal.App.4th 211, 218 (2005). The Bell court explained that medical providers must render emergency services without regard to a patient's ability to pay, see id. at 220, and under California Health & Safety Code § 1371.4, an insurer must "reimburse providers for emergency services and care provided to its enrollees[.]" Cal. Health & Safety Code § 1371.4;

---

[3] Melamed v. Blue Cross of Cal. 557 F.Appx. 659 (9th Cir. 2014), is distinguishable because here, there is no allegation that patients assigned their benefits to plaintiff. In Melamed, by contrast, plaintiffs' Complaint expressly stated that plaintiffs were "third-party beneficiaries" of patients' plans. See id. at 661.

see Bell, 131 Cal.App.4th at 220. The Bell court therefore concluded that medical providers have an "implied-in-law right to recover for the reasonable value of [their] services." 131 Cal.App.4th at 221. Here, plaintiff alleges it provided emergency medical services to patients, and could be relying on an implied-in-law contract between itself and CIGNA in its request for payment of its "usual and customary" charges. (See, e.g., Dkt. 1-2, Complaint at ¶ 11). Thus, CIGNA's conclusory and unsupported allegation that the absence of any written contract between it and plaintiff means that plaintiff must be proceeding as assignee of patients' benefits, (see Dkt. 1, NOR at ¶ 5), is unpersuasive.

In short, given that plaintiff could not have brought its claims under ERISA because it is neither a participant, beneficiary, nor other principle entity of an ERISA plan, the court finds that defendant has not met its burden of establishing preemption under the first prong of Davila. See Marin Gen. Hosp., 581 F.3d at 944 ("The burden of establishing federal subject matter jurisdiction falls on the party invoking removal.").

## II. WHETHER THERE IS AN INDEPENDENT LEGAL DUTY IMPLICATED BY DEFENDANT'S ACTIONS.

Although the court need not reach the second prong of Davila in light of its findings above, the court also concludes that plaintiff's Complaint alleges a violation of an independent state-law duty. Here, plaintiff claims that CIGNA has a state-law duty under quantum meruit to reimburse it for the "usual and customary" charges for its services. (See Dkt. 1-2, Complaint at ¶¶ 11, 35-37). As discussed above, California courts have concluded that an implied contract exists between providers of emergency services like plaintiff and insurers like defendants. Therefore, the court cannot conclude there is an absence of an "independent legal duty" under which plaintiff may sue. See Davila, 542 U.S. at 210, 124 S.Ct. at 2496.

Relatedly, "[t]he Courts have emphasized a distinction between claims involving the 'right to payment' which implicate coverage and benefits under the terms of an ERISA plan, and 'amount of payment' claims involving the computation of contract payments or the correct execution of such payments." Port Med. Wellness Inc., 2013 WL 5315701, at *6. "The former are considered claims for benefits that can be brought under ERISA § 502(a)(1)(B); the latter are typically construed as

independent legal contractual obligations between the provider and the . . . benefit plan." Id. (internal quotation marks omitted). CIGNA's NOR does not indicate whether plaintiff had a "right to payment" for services rendered. (See, generally, Dkt. 1, NOR). Rather, the parties simply dispute the amount of payment CIGNA owes plaintiff. (See Dkt. 1-2, Complaint at ¶¶ 11-14, 20-23, 29-32, 37). As explained, such disputes generally involve questions of state contract law rather than an application of ERISA. See Port Med. Wellness Inc., 2013 WL 5315701, at *6.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The above-captioned action shall be **remanded** to Los Angeles County Superior Court, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, California 90012.

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 14th day of April, 2020.

/s/
Fernando M. Olguin
United States District Judge